**KARPF KARPF & CERUTTI P.C.**
By: Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
Allison A. Barker, Esq.
3331 Street Road
Two Greenwood Sq., Suite 128
Bensalem, PA 19020
(T) 215-639-0801
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS MARRERO<br>2429 Madison Street<br>Chester, PA 19013<br><br>*Plaintiff,*<br><br>vs.<br><br>HEALTH MATS CO. d/b/a HEALTH MATS<br>100 Pennell Street<br>Chester, PA 19013 | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Carlos Marrero (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Health Mats Co. d/b/a Health Mats (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) the[1] Fair Labor Standards Act ("FLSA - 29 U.S.C.

---

[1] Plaintiff's also intends to amend this pleading to incorporate claims and the Pennsylvania Human Relations Act ("PHRA") pending a Right to Sue Letter from the Equal Employment Opportunity Commission. The allegations herein relative to those claims are for notice purposes only.

§ 201 *et. seq*.), and applicable state wage and hour law(s). Plaintiff asserts, *inter alia*, that he was discriminated against and unlawfully terminated by Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under federal law.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Indeed, as of the date of this pleading, Defendant maintains a website indicating that it does regular business within the States of Pennsylvania, New Jersey, Delaware and Maryland. [2]

5. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because some and/or all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Specifically, the theft of Plaintiff's wages occurred while performing driving routes for Defendant within the State of New Jersey.

7. Venue is also proper in this district for Plaintiff's claim under the ADA consistent with 42 U.S.C. § 2000e-5(f)(3) insofar as such a claim "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial

---

[2] *See* https://www.healthmats.com/locations/nj/ (Accessed October 23, 2020)

district in which the employment records relevant to such practice are maintained and administered, **or** in the judicial district in which the aggrieved person **would have worked but for the alleged unlawful employment practice**…".

8. Plaintiff will also seek leave to amend to incorporate a claim under the PHRA at the end of the statute's one-year statutory waiting period. *See* 43 Pa. C.S.A. § 962(c)(1).

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult individual, with an address as set forth in the caption.

11. Defendant Health Mats Co. d/b/a Health Mats is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal and registered place of business at the above-captioned address.

12. Upon information and belief, Defendant is also registered as a foreign corporation in the State of New Jersey.

13. Defendant is a company that is primarily engaged in the sale and rental of floor mats for commercial purposes in office buildings, educational facilities, and other related uses.

14. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff was employed with Defendant for approximately fourteen ("14") years with various roles including a driver delivering floor mats for medical facilities.

17. Based in Chester, Pennsylvania, the vast majority of Plaintiff's driving assignments were throughout New Jersey.

18. On a regular basis, Plaintiff would merely report in Chester to start his day before driving into New Jersey at least four ("4") days a week.

19. Plaintiff's last physical day of work was on or about March 25, 2020.

20. By letter dated April 20, 2020, Plaintiff's employment was terminated allegedly due to the pandemic related to COVID-19.

21. As of his unlawful termination, Plaintiff's management included being supervised by Vincent Del Rossi (President) (hereinafter "VDR"), Dennis Porch (Service Manager) (hereinafter "Porch") , Anthony Del Rossi (Business Development Manager) (hereinafter "ADR"), and Georgiana Homola (Office Manager) (hereinafter "Homola").

22. Plaintiff had returned to work from a life-threatening cancer battle in September 2019 (after a 6-month medical leave).

23. Plaintiff returned on light duty (with lifting restrictions) wherein he primarily had to work as a driver(s) helper initially.

24. By the late November / early December 2019, Plaintiff had his medical restrictions lifted.

25. VDR literally questioned Plaintiff's ability to do his job when his restrictions were lifted.

26. By way of example and without limitation, VDR would ask Plaintiff if he was capable of working and indicated doubt as to whether Plaintiff could medically perform his role.

27. Plaintiff was also converted to a salary employee instead of an hourly employee in or around this time.

28. This conversion effectively removed overtime that Plaintiff previously received.

29. Plaintiff was thereafter given substantially more hours to work in a more difficult job.

30. Upon information and belief, Defendant was essentially trying to force Plaintiff out of the company by assigning him excess work and hours.

31. Prior to his termination, Plaintiff had never been disciplined.

32. When Plaintiff was terminated, Defendant kept less experienced, less qualified, and far tenured drivers.

33. Additionally, Defendant attempted to rehire for driving after Plaintiff's alleged "layoff."

34. Plaintiff's selection for "layoff" was discriminatory and retaliatory based upon his health and prior accommodations.

35. Additionally, leading up to Plaintiff's removal from work in March 2020, Plaintiff had on at least three ("3") occasions complained in good faith that he felt he was being denied overtime illegally.

36. Approximately twice a month or more, Plaintiff was made by Defendant to drive routes with small vehicles weighing less than 10,000 pounds from Chester, PA into New Jersey.[3]

37. Plaintiff was entitled to overtime consistent with the Motor Carrier Act Exemption to FLSA because of his operation of the small vehicle.

38. Plaintiff believes and therefore avers that his complaints about overtime were a contributing factor in Defendant's selection for his "layoff".

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 et. seq.)**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[3] It is well established in the Third Circuit that this exemption applies to drivers driving small vehicles in interstate commerce whether in whole or in part. See McMaster v. E. Armored Servs., 780 F.3d 167 (3d Cir. 2015).

40. Plaintiff was subjected to a hostile work environment during his period of employment through disparate treatment, derogatory comments, and demeaning and/or discriminatory treatment towards him due to his [1] actual/perceived/record of disabilities; [2] record of impairment and/or [3] requested medical accommodations.

41. Furthermore, Plaintiff believes and avers that he was terminated because of [1] his actual/perceived/record of disabilities; [2] his record of impairment; and/or [3] his requested medical accommodations.

42. These actions as aforesaid constitute violations of the ADA.

## COUNT II
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment) [4]

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. A claim under the NJLAD may be brought by a non-resident who performs work in the State of New Jersey. *See* Trevejo v. Legal Cost Control, Inc., 2018 N.J. Super. Unpub. LEXIS 727, at *10 (Super. Ct. App. Div. Apr. 2, 2018).

45. Plaintiff was subjected to a hostile work environment during his period of employment through disparate treatment, derogatory comments, and demeaning and/or discriminatory treatment towards him due to his [1] actual/perceived/record of disabilities; [2] record of impairment and/or [3] requested medical accommodations.

---

[4] Plaintiff intends to amend this pleading to incorporate a claim under the PHRA as an additional and/or alternative claim consistent with Fed.R.Civ.P. 8(d)(2) which will effectively mirror this count. Like New Jersey, Pennsylvania courts generally interpret the PHRA in accord with its federal counterparts. Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

46. Furthermore, Plaintiff believes and avers that he was terminated because of [1] his actual/perceived/record of disabilities; [2] his record of impairment; and/or [3] his requested medical accommodations.

47. These actions as aforesaid constitute violations of the NJLAD.

## COUNT III
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Wages)**

48. The foregoing paragraphs are incorporated herein as if set forth in full.

49. At all times relevant herein, Defendant was, and continues to be an "employer" within the meaning of the FLSA.

50. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

51. At all times relevant herein, Plaintiff was also a "covered employee" within the meaning of SAFETEA-LU Technical Corrections Act of 2008, PL 110-244, June 6, 2008, 122 Stat. 1572.

52. It is well established under that Act that a "covered employee" is an employee of a motor carrier whose job, "in whole or in part," affects the safe operation of vehicles lighter than 10,000 pounds, except vehicles designed to transport hazardous materials or large numbers of passengers. McMaster v. E. Armored Servs., 780 F.3d 167, 169 (3d Cir. 2015).

53. The FLSA and aforementioned Act require covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

54. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA based on the small vehicle exemption above referenced.

55. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA and the small vehicle exception above-referenced, but attempted to make him a salaried employee.

56. On occasion, throughout his employment with Defendants, Plaintiff would work over 40 hours in one week.

57. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

## COUNT IV
### Violations of the Fair Labor Standards Act ("FLSA")
**(Retaliation)**

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. At all times relevant herein, Plaintiff engaged in protected activity by complaining informally about unpaid overtime wages.[5]

60. Plaintiff was terminated and otherwise selected for a "layoff" because of his engagement in protected activity.

61. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth more fully herein.

---

[5] Federal courts have almost universally concluded that informal complaints constitute "protected activity" under the FLSA. *See e.g.* Lambert v. Ackerley, 180 F.3d 997 (9th Cir. 1999) (finding internal complaints to employer protected activity under the statute); Valerio v. Putnam Assocs., Inc., 173 F.3d 35 (1st Cir. 1999); EEOC v. Romero, 976 F.2d 985 986 (6th Cir. 1992); EEOC v. White & Son Enters., 881 F.2d 1006 (11th Cir. 1989); Love v. Re/Max of Am., Inc., 738 F.2d 383 (10th Cir. 1984); Brennan v. Maxey's Yamaha, Inc., 513 F.2d 179 (8th Cir. 1975); Barnello v. AGC Chemicals Americas, Inc., 2009 U.S. Dist. LEXIS 6410, 2009 WL 234142, at *5 (D.N.J. Jan. 29, 2009); Jones v. Amerihealth Caritas, 95 F. Supp. 3d 807, 814 (E.D. Pa. 2015).

## COUNT V
### Violations of the New Jersey Wage and Hour Law ("NJWHL")[6] and/or, in the alternative, Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to Pay Overtime Wages)**

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count III of the instant action as such actions constitute identical violations of the New Jersey Wage and Hour Law.

64. In the alternative, pursuant to Fed.R.Civ.P. 8(d)(2), Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count III of the instant action as such actions constitute identical violations of the PMWA.

## COUNT VI
### Violations of the New Jersey Wage and Hour Law ("NJWHL") N.J. Stat. § 34:11-56a25
**(Retaliation)**

65. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

66. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count IV of the instant action as such actions constitute near identical violations of the New Jersey Wage and Hour Law's anti-retaliation provisions.

67. Plaintiff has suffered damages as set forth herein.

---

[6] New Jersey courts have typically permitted employees who "worked in" New Jersey to avail themselves of the State's legal protections for employees, including wage and hour laws. *See e.g.* Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363 (S.D.N.Y. 2012); Mulford v. Comput. Leasing, 334 N.J. Super. 385, 759 A.2d 887 (Super. Ct. Ch. Div. 1999); Redick v. E Mortg. Mgmt., LLC, No. 11-1260-GMS-CJB, 2013 U.S. Dist. LEXIS 36002, at *39-41 (D. Del. Mar. 15, 2013) (Taken together, the text of portions of the New Jersey Wage Law, the guidance provided by New Jersey state courts, the opinions of legal commentators and the decisions of federal courts interpreting the Law all tend to point in one direction—they suggest that the Law is only applicable to **those working within New Jersey's geographical boundaries**.)

## COUNT VII
### Violation of the New Jersey Wage Payment Law and/or in the alternative Violations of the Pennsylvania Wage Payment Collection Law ("WPCL")

68.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

69.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count III of the instant action as such actions constitute near identical violations of the New Jersey Wage Payment Law.

70.     In the alternative, pursuant to Fed.R.Civ.P. 8(d)(2), Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count III of the instant action as such actions constitute identical violations of the WPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Plaintiff is to be awarded any statutory multipliers available to him as a matter of law;

  G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  H. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

            Respectfully submitted,

            **KARPF, KARPF & CERUTTI, P.C.**

      By: _____
          Ari R. Karpf, Esq.
          W. Charles Sipio, Esq.
          Allison A. Barker, Esq.
          3331 Street Road
          Two Greenwood Square
          Building 2, Ste. 128
          Bensalem, PA 19020
          (215) 639-0801

Dated: October 28, 2020